**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

In re:

MICHELLE DELORES HAWKINS,　　　　　　　　　　　　Bankruptcy No:
　　　　　　　　　　　　　　　　　　　　　　　　　　17-31327-KRH

　　　　　Debtor(s),

SETERUS, INC. AS THE　　　　　　　　　　　　　　Chapter 13
 AUTHORIZED SUBSERVICER FOR
 FEDERAL NATIONAL MORTGAGE
 ASSOCIATION C/O SETERUS, INC.

　　　　　Movant,

v.

MICHELLE DELORES HAWKINS
SUZANNE E. WADE, TRUSTEE

　　　　　Respondents.

## CONSENT ORDER MODIFYING AUTOMATIC STAY

This matter came upon the Motion of Seterus, Inc. as the Authorized Subservicer for Federal National Mortgage Association c/o Seterus, Inc. for relief from the automatic stay, with respect to the real property located at 5907 Amherst Street Richmond, Virginia 23231 and more particularly described as follows:

> ALL that certain lot, piece or parcel of land, with improvements thereon and appurtenances thereto, lying and being in Henrico County, Virginia, known and designated as Lot 13, Block G, Edge Hill Lawn, on subdivision plat recorded in the Clerk's Office, Circuit Court, Henrico County, Virginia, in Plat book 12, page 33, to which plat reference is hereby made by for a more particular description.

UPON consideration of which, it is ORDERED:

Jon M. Ahern, Esquire
State Bar Association No: 018218
Sykes, Bourdon, Ahern & Levy, P.C.
281 Independence Boulevard
Pembroke 1 Building, Fifth Floor
Virginia Beach, VA 23462
757-499-8971

1. The Debtor will resume making regular monthly installment payments (subject to adjustment due to interest rate changes or escrow changes) as they become due commencing June 1, 2018. Late payments will include applicable late changes in the amount of $0.00 (subject to change due to adjustments of monthly principal and interest payment).

2. The Debtor will cure the post-petition arrearage currently due to the Movant through May 2018, filing fees of $181.00, attorneys fees of $850.00 by applying for and submitting all necessary information and documentation necessary to be considered for a written modification of the terms of the promissory note secured by the Movant's deed of trust encumbering the Property. The Debtor must file the appropriate pleadings with the court and obtain court approval of the terms of any loan modification agreement within 120 days of the entry of this order in accordance with Local Rule 6004-4. Any loan modification agreement reached between the Movant and the Debtor shall be considered valid only after it has been approved by order of the court.

3. In the event, that, 120 days from the date of entry of this order, the loan modification has not been completed, the Debtor's application for the loan modification has been denied, or the debtor has not obtained court approval of the terms of the loan modification agreement, the Movant may mail a notice of default to the Debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to Debtor's counsel and the Trustee by first class mail, postage prepaid or by email at the same time as notice of default is mailed to the Debtor.

Jon M. Ahern, Esquire
State Bar Association No: 018218
Sykes, Bourdon, Ahern & Levy, P.C.
281 Independence Boulevard
Pembroke 1 Building, Fifth Floor
Virginia Beach, VA 23462
757-499-8971

The notice of default will state in simple and plain language:

a. That the Debtor is in default in timely obtaining court approval of loan modification agreement and is currently post-petition delinquent;

b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default,;

c. The action necessary to cure the default, including any address to which payments must be mailed;

d. That the Debtor or Trustee must take one of the following actions within 14 days after the date of mailing of the notice of default:

   i. Cure the default;

   ii. File an objection with the court stating that no default exists; or

   iii. File an objection with the court stating any other reason why an order granting relief from automatic stay should not be entered;

e. That if the Debtor or Trustee do not take one of the actions set forth in paragraph 3(d) the Movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from automatic stay without further notice to the Debtor; and

f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the Debtor or Trustee do not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this order and

Jon M. Ahern, Esquire
State Bar Association No: 018218
Sykes, Bourdon, Ahern & Levy, P.C.
281 Independence Boulevard
Pembroke 1 Building, Fifth Floor
Virginia Beach, VA 23462
757-499-8971

that neither the Debtor nor the Trustee have taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor or trustee files an objection, the Movant must set the matter for hearing and give notice of the hearing to the Debtor, Debtor`s counsel and the Trustee.  At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of entry of this order, Movant must obtain relief by filing a new motion for relief from stay with appropriate notice of hearing.

5. Until an order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the Debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the noteholder or servicing agent to send the debtor any payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, Movant shall be entitled to reasonable attorneys fees in the amount of $75.00 for issuance of a notice of default, and an additional $100.00 for issuance of a

Jon M. Ahern, Esquire
State Bar Association No: 018218
Sykes, Bourdon, Ahern & Levy, P.C.
281 Independence Boulevard
Pembroke 1 Building, Fifth Floor
Virginia Beach, VA 23462
757-499-8971

certificate of default and preparation of an order terminating the automatic stay.

Dated: Jun 12 2018

/s/ Kevin R Huennekens

United States Bankruptcy Court EASTERN District of Virginia
Entered on the docket: Jun 13 2018

I ask for this:

/s/ Jon M. Ahern
Jon M. Ahern, Esq. VSB#018218
SYKES, BOURDON, AHERN & LEVY, P.C.
281 Independence Boulevard
Pembroke 1 Building, Fifth Floor
Virginia Beach, VA 23462
757-499-8971

Seen and Agreed:

/s/ Amanda DeBerry
Amanda DeBerry, Esq.
P.O. Box 11588
Richmond, VA 23230

Seen:

/s/ Suzanne E. Wade
Suzanne E. Wade, Trustee
P.O. Box 1780
Richmond, VA 23218

Jon M. Ahern, Esquire
State Bar Association No: 018218
Sykes, Bourdon, Ahern & Levy, P.C.
281 Independence Boulevard
Pembroke 1 Building, Fifth Floor
Virginia Beach, VA 23462
757-499-8971

CERTIFICATION

The undersigned certifies that:

1. The foregoing Consent Order Modifying Automatic Stay is identical to the form order required by Standing Order No. 10-2 and that no modification has been made.

2. That the foregoing Consent Order Modifying Automatic Stay has been endorsed by or on behalf of all necessary parties and counsel pursuant to Local Rule 9022-1.

    /s/ Jon M. Ahern
Jon M. Ahern, Esq.
Counsel for Movant

PARTIES TO RECEIVE COPIES:

Michelle Delores Hawkins
P.O. Box 38233
Henrico, VA 23231

Laura Taylor Alridge, Esq.
P.O. Box 11588
Richmond, VA 23230

Suzanne E. Wade, Trustee
P.O. Box 1780
Richmond, VA 23218

Jon M. Ahern, Esquire
State Bar Association No: 018218
Sykes, Bourdon, Ahern & Levy, P.C.
281 Independence Boulevard
Pembroke 1 Building, Fifth Floor
Virginia Beach, VA 23462
757-499-8971